IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
10/30/17
TIMOTHY M. O'BRIEN, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ALFRED B. REECE<br><br>Defendant. | Case No. 16-cr-20088 |

## PLEA AGREEMENT

The United States of America, by and through and Assistant United States Attorney Scott C. Rask and Trial Attorney John T. Mulcahy of the Department of Justice Tax Division; and Alfred B. Reece, the defendant, personally and by and through his counsel, Laquisha Ross enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 4, 11, 24 and 29 of the indictment charging violations of 26 U.S.C. § 7206(2), that is, willfully aiding or assisting in the preparation or presentation of a false tax return. By entering into this Plea Agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. The defendant agrees to plead guilty by October 30, 2017. The defendant understands that the maximum sentence which may be imposed as to each of Counts 4, 11, 24 and 29 of the indictment to which he has agreed to plead guilty is not more than three years imprisonment, a $250,000 fine, one year of supervised release, restitution in the amount of $648,442 and a mandatory special assessment of $100 for each count.

1

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> The defendant owned and operated a tax preparation business, in Kansas City, Kansas. The defendant prepared individual tax returns for customers, including Forms 1040 and 1040X, and related schedules and forms. Specific to the counts to which the defendant is pleading guilty:
>
> On or about January 31, 2014, the defendant willfully aided or assisted in the preparation of a false and fraudulent 2013 Form 1040, for individuals D.P. and N.P., which was filed with the Internal Revenue Service (IRS). The tax return was false and fraudulent as to material matters and the defendant knew the return was false and fraudulent when he prepared it. Specifically, the defendant falsified losses on two Schedule Cs attached to this tax return, which is used to report self-employment income. The defendant further falsified gifts to charity, and medical and dental expenses reported on Schedule A, which is used to report itemized deductions.
>
> On or about February 12, 2014, the defendant willfully aided or assisted in the preparation of a false and fraudulent 2013 Form 1040, for individual E.E., which was filed with the IRS. The tax return was false and fraudulent as to material matters and the defendant knew the return was false and fraudulent when he prepared it. Specifically, the defendant falsified several deductions on Schedule A, including medical and dental expenses, unreimbursed employee expenses, tax preparation fees and gifts to charity. The defendant further falsified the Schedule E attached to the return, which is used to report losses and income from rental real estate. The false items on the Schedule E included rents received and total expenses.
>
> On or about March 15, 2013, the defendant willfully aided or assisted in the preparation of a false and fraudulent 2012 Form 1040, for individuals J.P. and P.P. which was filed with the IRS. The tax return was false and fraudulent as to material matters and the defendant knew the return was false and fraudulent when he prepared it. Specifically, the defendant falsified the gifts to charity, and medical and dental expenses deductions on Schedule A. The defendant further falsified the loss amounts on two Schedule Cs attached to the return.
>
> On or about March 14, 2015, the defendant willfully aided or assisted in the preparation of a false and fraudulent 2014 Form 1040, for individuals D.P. and C.P. which was filed with the IRS. The tax return was false and fraudulent as to material matters and the defendant knew the return was false and fraudulent when he prepared it. Specifically, the

defendant falsified the job expenses, gifts to charity, and medical and dental expenses deductions on Schedule A. The defendant further falsified the loss amount on a Schedule C attached to the return.

On April 29, 2014, a search warrant was executed at the defendant's residence. The defendant admitted that he prepared multiple false tax returns and he did it without the assistance of anyone else. The defendant further admitted to falsifying Schedule C businesses and deductions, the Earned Income Tax Credit, dependents, Schedule A deductions, W2s, and 1099s. In addition, he admitted to preparing false and fraudulent amended tax returns for others. Agents subsequently interviewed the defendant on February 3, 2015 and he admitted to continuing to prepare false and fraudulent tax returns even after agents spoke with him.

The defendant further admitted during this February 3, 2015 meeting that he instructed a taxpayer-witness to tell IRS agents that the taxpayer-witness had prepared the return himself, when in fact the defendant had prepared it.

The defendant filed tax returns electronically using commercial tax return software. Instead of logging into this software using his own name, he took on the identities of his clients to conceal the fact that he was the tax return preparer. He even required taxpayers to pay for the commercial tax software using their own credit cards. In addition, the defendant concealed himself as the preparer from the face of the tax returns by marking the returns as "self-prepared" even though he was the person who actually prepared the returns. In addition, he prepared false tax returns at a library after the investigation began to avoid authorities from tracking the false returns back to him by IP address information.

3.   **Application of the Sentencing Guidelines.**  The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office. The parties agree

that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Tax Loss Amount.** The parties agree that, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 2T1.4(H), the tax loss amount is more than $550,000 but less than $1,500,000.

5. **Business of Tax Preparation Enhancement.** The parties agree that in accordance with United States Sentencing Guidelines (U.S.S.G.) § 2T1.4(b)(1), a two-level enhancement is appropriate because the defendant was in the business of preparing or assisting in the preparation of tax returns.

6. **Obstruction of Justice Enhancement.** The parties agree that in accordance with United States Sentencing Guidelines (U.S.S.G.) § 3C1.1, a two-level enhancement is appropriate because the defendant attempted to cause a witness in this case to provide misleading information to a federal agent.

7. **Other Enhancements.** The parties agree that the United States is entitled to argue and seek any other enhancements at the time of sentencing applicable in accordance with the Guidelines.

8. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

9. **Prohibition Against Future Tax Returns.** The defendant agrees, as part of this plea agreement, to be permanently enjoined under IRC §§ 7402 and 7407, from preparing or

filing federal tax returns for anyone other than himself. Defendant understands that the United States will file a civil complaint against him seeking this relief, and defendant agrees to consent to a permanent injunction.

        10.    **<u>Government's Agreements.</u>** In return for the defendant's plea of guilty as set forth herein, the Department of Justice Tax Division and the United States Attorney for the District of Kansas agree:

      (a)    to dismiss the remaining counts of the indictment at the time of sentencing;

      (b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

      (c)    to recommend a sentence within the applicable Guideline range; and

      (d)    to recommend the defendant receive a two-level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty, provided he do so by October 30, 2017.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in

additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

11. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

12. **Restitution.** The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $648,442 pursuant to 18 U.S.C. 3663(a)(3). The defendant

understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

    (a)    The defendant agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct.

    (b)    The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

    (c)    The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

    (d)    The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant

understands and agrees that the plea agreement does not resolve his civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from him relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise his obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

(e) The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

(f) If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

(g) If the defendant makes a payment of the restitution agreed to in paragraph 12 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 12.

(h) The defendant agrees to send restitution payments to the Clerk of Court at the following address:

Clerk of Court
U.S. District Court
500 State Avenue
Kansas City, KS 66101

    (i)    With each payment to the Clerk of Court, the defendant will provide the following information:

        i.    Name and Social Security number;

        ii.    The District Court and the docket number assigned to this case;

        iii.    Tax year(s) or period(s) for which restitution has been ordered; and

        iv.    A statement that the payment is being submitted pursuant to the District Court's restitution order.

    (j)    The defendant agrees to include a request that the Clerk of Court send the information, along with the defendant's payments, to the address below. The defendant understands and agrees that Title 26 interest will continue to accrue until payment is received by the IRS.

    (k)    The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS-RACS  
Attn: Mail Stop 6261, Restitution  
333 W. Pershing Avenue  
Kansas City, MO 64108

13.    **Identification of Assets & Agreement Concerning Monetary Penalties.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

    (a)    Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which

9

defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f) Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g) If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h) Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

    (i)      Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address until the judgment debt is paid in full.

    (j)      Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

    (k)      Defendant agrees to be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

    (l)      Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

14. **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

15. **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in Paragraph 10 of this agreement.  The defendant has the burden of establishing an inability to pay the required special assessment.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

16. **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the

right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

17. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

18. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information

concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

19.   **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him, the Department of Justice Tax Division and the United States Attorney's Office for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

20.   **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

21.   The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____   Date: 10-30-17
Scott C. Rask
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643

for _____ #15643   Date: 10-30-17
John T. Mulcahy
Trial Attorney, Department of Justice Tax Division
601 D. Street NW, Room 7015
Washington, D.C. 20004
(202) 353-9713 (telephone)
(202) 514-9623 (fax)
John.T.Mulcahy@usdoj.gov
MA Bar No. 670606

_____   Date: 10/30/17
Alfred Reece
Defendant

_____   Date: 10-30-17
Laquisha Ross
Counsel for Defendant
Office of the Federal Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
(913) 551-6944 (telephone)
(913) 551-6562 (fax)
laquisha_ross@fd.org

14