# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFRED B. REECE,

    Defendant.

Case No. 16-20088-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court upon consideration of Defendant Alfred Reece's *pro se* Motion for Reduction of Sentence (Doc. 33), seeking a two-level reduction pursuant to 18 U.S.C. § 3553(b)(1). For the reasons discussed below, the Court construes Defendant's request as a motion to modify sentence under 18 U.S.C. § 3582(c), and dismisses for lack of jurisdiction.

## I. Procedural Background

On October 20, 2017, Defendant pleaded guilty to four counts of Aiding and Assisting in the Preparation of a False Income Tax Return in violation of 26 U.S.C. § 7206(2).[1] This Court sentenced Defendant to 96 months' imprisonment, with a one-year term of supervised release.[2] On August 21, 2018, the Tenth Circuit Court of Appeals dismissed Defendant's direct appeal as untimely.[3] On August 20, 2018, Reece filed a Motion to Reduce Sentence under 18 U.S.C. § 3553(b)(1).

---

[1] Docs. 20, 21.

[2] Doc. 27.

[3] Doc. 34.

## II.     Discussion

In view of Defendant's *pro se* status,[4] the Court construes his request as a motion for reduction of sentence under 18 U.S.C. § 3582(c).  Defendant seeks a two-level reduction/downward departure under U.S.S.G. § 5H1.1 based on his age and ailing health, § 5H1.3 based on his mental and emotional condition, and § 5K2.23 based on a discharged term of imprisonment.[5]  Although these Guidelines provide grounds for departure, the Presentence Investigation Report ("PSIR") did not cite a basis for departure,[6] nor did Defendant file a motion or argue for a downward departure at sentencing.[7]  Failure to identify departure factors or not pressing for a departure at sentencing is not a basis for reconsideration of a final sentence.[8]

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[9]  As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed."  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons", (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure", or (3) "upon motion of the defendant or the Director of the Bureau of

---

[4]Because Defendant proceeds *pro se*, the Court must construe his pleading liberally and apply a less stringent standard than that which is applicable to attorneys. *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (citing *Jones v. Cowley*, 28 F.3d 1067, 1069 (10th Cir. 1994)).

[5]Doc. 33.

[6]Doc. 22, ¶¶ 36–47.

[7]Sentencing Memorandum, Doc. 25 (requesting 77-month sentence under 18 U.S.C. § 3553(a) factors, including Defendant's age, previous incarceration, and commitment to change).

[8]*United States v. Tetty-Mensah*, No.12-CR-0071-002-CVE, 2016 WL 9175926, at *1 (N.D. Okla. June 16, 2016) (dismissing for lack of jurisdiction motion to modify sentence under § 5K2.23).

[9]*United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997).

Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[10]

If a defendant's argument does not fit within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the request.[11] None of the avenues set forth above apply to this case. The Court lacks the inherent authority to modify or resentence a defendant at any time for any reason other than those provided by statute and simply does not have the power to reduce his sentence as requested.[12] Accordingly, Defendant's motion must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Alfred Reece's Motion for Reduction of Sentence (Doc. 33) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 24, 2018

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE

---

[10] *United States v. Blackwell,* 81 F.3d 945, 947–48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[11] *United States v. Smartt,* 129 F.3d 539, 541 (10th Cir. 1997).

[12] *Blackwell*, 81 F.3d at 949.